United States District Court
For the Northern District of California

**E-FILED on 1/2/12**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CAROL G. NELMIDA, an individual,

Plaintiff,

v.

FLAGSTAR BANK, FSB; JOAN H. ANDERSON, an individual; CITIMORTGAGE, INC., a New York Corporation; CAL WESTERN RECONVEYANCE CORPORATION, a California Corporation; FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,

Defendants.

No. C-11-01580 RMW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**[Re: Docket No. 19]**

Plaintiff Carol G. Nelmida ("plaintiff"), proceeding *pro se*, asserts twenty-four federal and state law claims arising from a home loan she obtained on June 10, 2003. Defendants CitiMortgage Inc., Fannie Mae, and Mortgage Electronic Registration Systems, Inc. (collectively the "moving defendants") move to dismiss. Plaintiff has not opposed the motion. For the reasons below, the court GRANTS the motion to dismiss with prejudice.

United States District Court
For the Northern District of California

## I. BACKGROUND

On June 10, 2003, plaintiff obtained a loan for $322,000 secured by a Deed of Trust on residential property ("the property") in San Jose, California. Dkt. No. 18 ("FAC") ¶ 18. Defendant Flagstar Bank, FSB ("Flagstar") was the originating lender, defendant Joan H. Anderson ("Anderson") was the original trustee, and defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was the original beneficiary named on the Deed of Trust. *Id.* ¶¶ 8,10,14. On or about December 9, 2009, the loan was assigned to defendant CitiMortgage, Inc. ("CMI"). *Id.* ¶ 11. CMI commenced a foreclosure action on the property by filing a Notice of Default on March 2, 2010, and authorized a Notice of Trustee's Sale to be filed on June 2, 2010. *Id.* Defendant Cal Western Reconveyance Corporation ("Cal Western") was "the agent for [CMI] … that helped facilitate the foreclosure action on [the property.]" *Id.* ¶ 12. Defendant Fannie Mae was named as the Grantee in the Trustee's Deed upon sale, and is the current owner of the property. *Id.* ¶ 13.

On March 6, 2011, plaintiff filed a pro per complaint in Santa Clara County Superior Court asserting twenty-nine federal and state law claims against all of the above-listed defendants. *See* Dkt. No. 1, Ex. A. CMI, Fannie Mae and MERS removed the case to this court on March 31, 2011. *Id.* The notice of removal stated that "all defendants who have been served in the State Court action … consent to removal." *Id.*[1] On April 11, 2011, CMI, Fannie Mae and MERS moved to dismiss plaintiff's complaint. Flagstar, Anderson and Cal Western did not file a motion to dismiss or join the motion filed by the moving defendants. Plaintiff did not file an opposition.

On June 25, 2011, Judge Fogel, who was previously assigned to this case, granted the unopposed motion to dismiss all claims with leave to amend. He first noted that plaintiff had failed to comply with Civil Local Rule 7-3(a), which requires a party to file an opposition to a motion to dismiss at least twenty-one days in advance of the motion hearing date. *See* Dkt. No. 15. Judge Fogel further concluded that "several" of plaintiff's claims were time-barred because they were based on allegations surrounding the origination of plaintiff's loan in 2003 and the complaint did not contain facts "sufficient to allege the relevant statutes of limitations should be tolled." *Id.* at 2. In

---

[1] The court has no evidence that defendants Flagstar, Anderson or Cal Western have been served in this action.

addition, he found that "several" other claims were based on the faulty premise that a foreclosing entity must produce the note prior to foreclosure, which is not required under California law. *See id.* (citing *Pagtalunan v. Reunion Mortgage Inc.*, No. C-09-00162 EDL, 2009 WL 961995, at *2 (N.D. Cal. Apr. 8, 2009).

Plaintiff filed a First Amended Complaint ("FAC") on July 7, 2011. CMI, Fannie Mae and MERS moved to dismiss. Once again, Flagstar, Anderson and Cal Western did not join the motion or file a separate pleading. Plaintiff also again failed to oppose the motion, and did not appear at the motion hearing or concurrent case management conference. Defendant's counsel advised the court that she had not had recent contact with plaintiff.

## II. ANALYSIS

### A. Federal Claims

The FAC asserts federal claims under the Truth in Lending Act ("TILA") (claim five) and the Real Estate Settlement Procedures Act ("RESPA") (claim six). The moving defendants argue that both claims are time-barred because they are based on allegations surrounding the origination of plaintiff's loan by defendant Flagstar in 2003. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.")

#### 1. TILA Claim (Claim 5)

TILA is governed by a one- or three-year statute of limitations, depending on the type of relief sought by the plaintiff. *See* 15 U.S.C. §§ 1640(e), 1635(f) (TILA claims subject to one-year limitations period for damages claims or three-year limitations period for claims seeking rescission). In this case, plaintiff alleges that defendants "fail[ed] to provide . . . accurate material disclosures required under TILA . . . to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language . . . that they can understand and comprehend; and advise them to compare similar loan produces with other lenders." FAC ¶ 85. Absent equitable tolling, the limitations period on such a claim began to run when plaintiff executed her loan documents. *See* 15 U.S.C. § 1640(e) (the limitations period for a TILA claim begins when the violation occurs); *Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (TILA claims based on allegedly inadequate disclosures began to run upon execution of loan documents because plaintiffs "could have discovered the alleged disclosure violations and discrepancies at that time"). Because plaintiff executed her loan documents in 2003 but did not commence this action until 2011, the running of the limitations period is apparent from the face of the FAC. *See id.*

**2. RESPA Claim (Claim 6)**

Under RESPA, plaintiff appears to allege that she paid a "Yield Spread Premium" under the loan agreement which resulted in an illegal "kickback" payment to defendant Flagstar. *See Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003) (noting that "Section 8(a) of RESPA proscribes giving or accepting 'any fee, kickback, or thing of value pursuant to any agreement or understanding . . . incident to or a part of a real estate settlement service . . . referred by any person.' "). Such claims are subject to a one-year statute of limitations period, which commences when the violation occurs. *See* 12 U.S.C. § 2614. While the FAC does not make clear when the alleged kickbacks took place, at least one other court has reasonably concluded that a similar cause of action accrued either when the plaintiff received notice of the Yield Spread Premium or when the last purportedly illegal payment was made. *See Kmety v. Bank of America, Inc.*, No. 10-1910, 2011 WL 4566441, at *3 (S.D. Cal. Sept. 30, 2011).

Here, the FAC alleges that the Yield Spread Premium was "explain[ed]" to plaintiff in a misleading fashion, apparently at the time the loan was executed. FAC ¶ 104. The court is therefore inclined to find that the limitations period began to run in 2003. However, even assuming that plaintiff had no notice of the Yield Spread Premium when she executed her loan, the FAC indicates that any "unearned fees" were paid to Flagstar. FAC ¶ 103. Flagstar, through its beneficiary MERS, allegedly assigned the loan to CMI on December 9, 2009, more than a year before the commencement of this action. There is no additional allegation of any illegal payment made within the limitations period. The court thus finds that the running of the statute of limitations on plaintiff's RESPA claim is also apparent from the face of the complaint.

**3. Equitable Tolling**

"[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period … until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the … action." *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). The focus of the equitable tolling analysis is "whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002).

Plaintiff appears to argue that the statute should be tolled because "most, if not all pertinent documents were left out" of the loan document package so that she could not "find out what exactly this adjustable rate mortgage was going to turn into." FAC ¶ 88. Plaintiff also alleges that because she is not a native English speaker, "the standard of care is a low one." *Id.* While plaintiff references a number of documents allegedly omitted from the loan package, she does not explain what information such documents contained or why the omission prevented her from discovering the basis for her claim. *See Carillo v. Citimortgage, Inc*, No. 09-02404, 2009 WL 3233534, at *3 (C.D. Cal. Sept. 30, 2009) (although the pleadings listed sixteen documents allegedly omitted from the loan package, "the complaint fails to state what information Plaintiffs did not receive and the opposition provides no additional facts to render it plausible that, for years, Plaintiffs could not have known that something was missing in the information they received"). Furthermore, even if plaintiff is not a native English speaker, she has not alleged "circumstances beyond [her] control that prevented [her] from seeking a translation of the loan documents that [she] signed and received." *Cervantes*, 656 F.3d at 1045 (fact that native Spanish speakers were not given loan documents in Spanish did not support a claim for equitable tolling). In addition, both of plaintiff's arguments were raised in the original complaint and rejected by Judge Fogel as a basis for tolling the statute of limitations. *See* Dkt. No. 15. The FAC supplies no additional facts supporting plaintiff's tolling argument. The court therefore finds that plaintiff has failed to plead facts sufficient to support a claim for equitable tolling.

Accordingly, the court GRANTS the motion to dismiss plaintiff's federal claims.

**B. State Law Claims**

The moving defendants divide plaintiff's state law claims into several categories, including: (1) claims barred by the statute of limitations, (2) claims based on the faulty premise that possession of the note is required to initiate foreclosure proceedings, and (3) "other claims." The court considers each category in turn.

**1. Claims barred by the statute of limitations (Claims 4, 15, 16, 17 and 20)**

The moving defendants argue that the following state law claims are time-barred because they relate to conduct surrounding the origination of the subject loan in 2003: (1) Unfair Business Practices and Predatory Lending under Cal. Bus. & Prof. Code § 17200 (claims 16 and 20); (2) Breach of the Implied Covenant of Good Faith and Fair Dealing (claim 4); (3) Fraud (claim 15); and (4) Breach of Fiduciary Duty (claim 17).

The longest statute of limitations governing any of the above-cited causes of action is four years. *See* Cal. Bus. & Prof. Code § 17208 (unfair competition claims subject to four-year limitations period); Cal. Code Civ. Proc. § 337(1) (contract claims subject to four-year limitations period); Cal. Code Civ. Proc. § 338(d) (fraud and fraud-based fiduciary claims subject to three-year limitations period). While plaintiff describes each claim in slightly different language, the essence of each is that at the time the loan was executed, defendants knew or should have known that plaintiff would be unable to afford her monthly payments. *See, e.g.*, FAC ¶ 156. The court thus finds that these claims accrued upon the origination of the subject loan in 2003. As discussed above, plaintiff has failed to plead facts sufficient to invoke the doctrine of equitable tolling. The court therefore finds that these claims are barred by the statute of limitations, and GRANTS the motion to dismiss claims four, fifteen, sixteen, seventeen and twenty.

**2. Claims based on the argument that production of the note is a pre-condition of foreclosure (Claims 1, 3 and 21)**

The moving defendants argue that claims for declaratory relief (claim 1), under Cal. Com. Code § 9313 (claim 3), and for quiet title (claim 21) must be dismissed because they are based on the faulty premise that a foreclosing entity is required to produce the note in order to initiate foreclosure proceedings. Judge Fogel agreed, noting that "California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust." Dkt. No.

United States District Court
For the Northern District of California

15 at 2 (quoting *Pagtalunan v. Reunion Mortg. Inc.*, No. 09-00162, 2009 WL 961995, at *2 (N.D. Cal. Apr. 8, 2009). The FAC provides no additional factual support for these causes of action. Indeed, the FAC simply repeats the allegation that the foreclosure is invalid because "neither Flagstar, Citimortgage, nor Fannie Mae possess the original promissory note." FAC ¶ 72. Accordingly, the court GRANTS the motion to dismiss claims one, three, and twenty-one.

**3. Other Claims**

**a. Claim under Cal. Civ. Code §§ 1918.5-1921 (Claim 8)**

Cal. Civ. Code § 1920(a) requires that "standards for the adjustment of interest rates or monthly payments shall consider factors which can reasonably be deemed to affect the ability of borrowers to meet their mortgage obligations." Plaintiff claims that defendants violated Section 1920 because "no consideration of the ability of plaintiff to repay this loan with a realistic reams test has been made." FAC ¶ 115.

There is no authority supporting a private right of action under Section 1920. *See Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1055 n.5 (E.D. Cal. 2009). While a violation of the statute might support a claim under Cal. Bus. & Prof Code § 17200, *see id.*, as discussed above, any such claim would be time-barred because it is clearly based on conduct surrounding the origination of plaintiff's loan in 2003. Accordingly, the court GRANTS the motion to dismiss claim eight.

**b. Claim under Cal. Civ. Code § 2079.16 (Claim 11)**

Cal. Civ. Code § 2079.16 describes in great detail the disclosure notice that must be provided to a prospective purchaser of residential property. *See id.* ("Printed on the back, and on the front of the disclosure form the following shall appear: . . ."). The FAC does not allege in what manner defendants purportedly violated such disclosure requirements. The court also agrees with the moving defendants that to the extent that the FAC could be read to allege any wrongdoing under this provision, it is focused entirely on Flagstar. Moreover, at least one court has held that there is no private right of action under Section 2079.16. *See Legrama v. Fremont Inv. & Loan*, No. 10-02945, 2010 WL 5071600, at *10 (N.D. Cal. Dec. 7, 2010). Accordingly, the court GRANTS the motion to dismiss claim eleven.

**c. Claim under Cal. Civ. Code § 2923.5 (Claim 22)**

Plaintiff alleges that defendants wrongfully foreclosed on the subject property in the summer of 2010 because they failed to include the declaration required by California Civil Code section 2923.5 in the Notice of Default and Notice of Trustee's Sale. FAC ¶¶ 191-92. Section 2923.5, however, only requires that such a declaration be included with the Notice of Default. Here, the March 2, 2010 Notice of Default contained the required declaration. *See* Defs.' Mot. to Dismiss, Ex. A.[2] Accordingly, the court GRANTS the motion to dismiss claim twenty-two.

**d. Claim under Cal. Civ. Code § 1632 (Claim 12)**

Cal. Civ. Code § 1632 requires certain written agreements to be printed in the language in which they were "primarily" negotiated. Cal. Civ. Code § 1632(b). The provision applies only to certain real estate loans secured by real property that are negotiated exclusively by real estate brokers. *See* Cal. Civ. Code § 1632(b)(4); Cal. Bus. & Prof. Code § 10204. Here, while plaintiff alleges that she is a native Taglog speaker, she fails to allege that her mortgage was negotiated in Tagalog. Furthermore, there is no indication that any of the moving defendants is a "broker" or was otherwise involved in negotiating or originating plaintiff's loan. *See Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1234 (S.D. Cal. 2009) (dismissing claim under section 1632 because plaintiff failed to plead that defendant was a broker or loan originator). The court thus GRANTS the motion to dismiss claim twelve.

**e. Claim for Intentional Infliction of Emotional Distress (Claim 24)**

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J. C. Penney Co.*, 24 Cal.3d 579, 593 (Cal. 1979).

---

[2] "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A court may also consider evidence on which the complaint "necessarily relies" if the document is central to the plaintiffs' claim. *Id.* at 453-54. Here, because the FAC "necessarily relies" on the Notice of Default in alleging a claim for wrongful foreclosure, the court considers the contents of the notice attached to the motion to dismiss.

Plaintiff's claim for intentional infliction of emotional distress is based on the allegation that she "thought she could trust Defendants . . . to guide [her] in this extremely important decision of the refinance[3] of her home, only to be deceived, lied to, victimized by theft, [and] deliberately subjected to a situation wherein [she] would be forced to incur additional fees . . . and [is] now bring faced with losing her home." FAC ¶ 205. While plaintiff does not specify to which "defendants" she is referring, these allegations clearly relate to the origination of the loan by Flagstar in 2003. The FAC does not allege that any of the moving defendants were involved in the origination of the loan or engaged in otherwise extreme and outrageous conduct. The court therefore GRANTS the motion to dismiss claim twenty-four.

**f. Claims under Cal. Civ. Code § 1916.7 (Claims 7, 9, 10, and 13)**

Plaintiff brings causes of action under four separate subsections of Cal. Civ. Code § 1916.7, which proscribes certain lending practices with regard to "adjustable-payment, adjustable-rate" mortgages. Specifically, she asserts violations of: (1) Section 1916.7(b)(2), which provides that "changes in interest and monthly payment shall not occur more often than twice during any annual period" (claim 7); (2) Section 1916.7(c), which specifies the type of notice required to be given to an applicant for an adjustable-rate mortgage (claim 10); (3) Section 1916.7(b)(8), which states that the borrower must be permitted to prepay the loan in whole or in part at any time without a prepayment charge (claim 13); and (4) Section 1916.7(b)(4)(B), which states that the loan-to-value ratio resulting from any increased principal over the life of the loan must never exceed the loan-to-value ratio at the time of loan origination (claim 9).

The moving defendants argue that any claims under Cal. Civ. Code § 1916.7 fail because section 1916.7, by its own terms, establishes that it only applies to mortgage loans made under that particular provision. *See* Cal. Civ. Code § 1916.7(b) ("A mortgage loan made *pursuant to the provisions of this section*.. . .") (emphasis added); *see also Dorado v. Shea Homes Ltd. P'ship*, 2011 U.S. Dist. LEXIS 97672 (E.D. Cal. Aug. 31, 2011). Plaintiff does not respond to Defendants'

---

[3] Paragraph 205 appears to be the only place in the FAC in which plaintiff refers to the fact that the loan originated by Flagstar was intended to refinance, rather than acquire, the subject property. For the purpose of the court's analysis, it is not relevant for what purpose the loan was obtained.

argument and her Complaint is devoid of any facts asserting that her loan is one to which 1916.7 applies. Accordingly, the court GRANTS the motion to dismiss claims seven, nine, ten and thirteen.

**g. Claim under Cal. Civ. Code § 1670.5 (Claim 19)**

Plaintiff claims that the loan agreement and trust deed are unconscionable under UCC 2-302, which has been codified by California Civil Code Section 1670.5, and therefore unenforceable. A contract or clause is unenforceable only if it is both procedurally and substantively unconscionable. *See Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). Here, while plaintiff suggests that she was placed into an "unfair bargaining position" in negotiating her loan, the FAC does not contain *facts* indicating that plaintiff was deceived or misled regarding the terms of her loan. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 966 (N.D. Cal. 2010) (adjustable-rate mortgage not unconscionable where the contract given to plaintiff explained the terms of the mortgage). In addition, the FAC fails to specify which contract terms are substantively unconscionable. Accordingly, the court GRANTS the motion to dismiss claim nineteen.

**f. Asserted Claims That Are Not Causes of Action (Claims 2, 14, 18 and 23)**

Defendants argue that plaintiff's claims for injunctive relief (claims 2 and 23), rescission (claim 14), and unjust enrichment (claim 18) are not cognizable causes of action. This court agrees. Injunctive relief and rescission are remedies, not causes of action. *See Loder v. World Savings Bank, N.A.*, No. C11-00053 TEH, 2011 WL 1884733, at *8 (N.D. Cal. May 18, 2011) (citing *Shell Oil Co. V. Richter*, 52 Cal.App.2d 164, 168 (1942)); Cal. Civ. Code § 1689. Most California courts also agree that there is no cause of action in California for unjust enrichment. *See Ram v. Wachovia Mortg., FSB*, No. CIV S-10-1834, 2011 WL 1135285, at *9 (E.D. Cal. March 25, 2011) (citing cases). Furthermore, the complaint's unjust enrichment claim fails because the complaint fails to state any facts in support of the contention that the moving defendants received and retained benefits and payments to which they were not entitled. Indeed, because all of plaintiff's substantive claims have been dismissed, the are no grounds to grant plaintiff's requested remedies. Therefore the court GRANTS the motion to dismiss claims two, fourteen, eighteen, and twenty-three.

**C. Leave to Amend**

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however

United States District Court
For the Northern District of California

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). However, a pro se complaint may be dismissed with prejudice where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

Plaintiff has already been given an opportunity to amend her complaint and has failed to add any factual allegation supporting the equitable tolling of her federal claims. Furthermore, she has twice failed to oppose defendants' motions to dismiss or appear at the hearing on the current motion to dismiss or for the scheduled case management conference. The court finds that the deficiencies of the complaint cannot be cured by further amendment. Accordingly, the court dismisses plaintiff's claims against the moving defendants WITHOUT LEAVE TO AMEND.

**D. Proof of Service**

As noted above, the court has no evidence that the non-moving defendants, Flagstar, Anderson and Cal-Western, have been served with a copy of the complaint in this action. Under Fed. R. Civ. P. 4(m), a plaintiff must serve a defendant within 120 days of the filing of the complaint. Failure to serve process may result in dismissal. *See* Fed. R. Civ. P. 4(m).

The court therefore orders plaintiff to produce proof of service on the non-moving defendants within 30 days of the date of this order. If plaintiff fails to produce such evidence, the court will issue an order to show cause why the claims against the non-moving defendants should not be dismissed for failure to prosecute.

United States District Court
For the Northern District of California

**III. ORDER**

For the foregoing reasons, the court grants the motion to dismiss all claims against the moving defendants with prejudice. Plaintiff is ordered to produce proof of service on the non-moving defendants within 30 days of the date of this order.

DATED: January 2, 2012

Ronald M. Whyte

RONALD M. WHYTE
United States District Judge